# THE STATE v. THOMAS HOWARD, Appellant.

### Division Two, May 9, 1912.

1. **INFORMATION: Constitutional Formula.** The constitutional formula, "against the peace and dignity of the State," is not required at the close of each part of an information, even though such part may charge all the elements of some offense for which the State may proceed. It is required only at the end of the entire information or at the end of each separate count, which is the same thing.

2. **————: Burglary with Explosives.** The information, after charging an unlawful and burglarious entry, alleges that nitro-glycerine or some other high explosive was used by defendant "for the purpose and with the felonious intent . . . of breaking into and demolishing" a safe, and that the safe was demolished. *Held*, that, since the destruction of "any building or other property" by another by the use of explosives is a felony under Sec. 4599, R. S. 1909, the information sufficiently charges the use of explosives to commit a crime, under Sec. 4526, R. S. 1909. A reasonably precise statement of the elements of the offense which defendant, after his burglarious entry, intended to commit by the use of the explosives is all that is necessary, and the minuteness of allegation, which might be demanded in an indictment for the commission of such offense is not required.

3. **JUDICIAL NOTICE: Clouds.** The Supreme Court cannot take judicial notice of the presence of clouds in the sky at a given time.

4. **EVIDENCE: Discrepancies for the Jury's Consideration.** Where a witness testifies in a prosecution for burglary with explosives that he saw the defendant, at 3:15 a. m., run through an alley behind the building in which the explosion had just occurred, a discrepancy between the memory of the witness and the almanac as to the exact position of the moon at that time was for the consideration of the jury in determining the credit to be given the witness's testimony.

5. **————: Sufficiency: Burglary with Explosives.** Evidence in a prosecution for burglary with explosives *held* sufficient to support the verdict.

6. **INSTRUCTIONS: No Exceptions.** Where no exception has been saved to the instructions their correctness is not before the Supreme Court on appeal.

Appeal from Jackson Circuit Court.—*Hon. Ralph S. Latshaw,* Judge.

AFFIRMED.

*W. F. Riggs* for appellant.

(1) The identity of the defendant as the person who committed the crime, barring the testimony of John Shoemaker, was wholly circumstantial, and the chain is not complete. The morning of Jan. 11, 1911, at 3:15 a. m., was cloudy, and the moon set at 3:50 a. m. Could a witness be more thoroughly impeached? When such a case occurs, relief will be granted by this court. State v. Huff, 161 Mo. 459; State v. Packwood, 26 Mo. 340; State v. Primm, 98 Mo. 373; State v. Francis, 199 Mo. 671. "Courts will take judicial notice of the almanac, or as it has been put, the almanac is a part of the law of the land." 1 Ency. Ev. 768. "And the almanac is competent evidence to prove the time of the rising and phase of the moon." 1 Ency. Ev. 769. (2) The information is in two paragraphs. The first paragraph is insufficient in law to charge burglary in the second degree, because of the omission to allege that the acts and facts alleged in the first paragraph were "against the peace and dignity of the State." State v. Skillman, 209 Mo. 408; State v. Campbell, 210 Mo. 202. We have two statutes leveled against burglary with explosives, secs. 4526 and 4599, R. S. 1909. Under section 4599, the vital and essential elements are the wilful and malicious injury of the property of another, without which an indictment or information would be fatally defective. 2 Whart. Crim. Law (8 Ed.), No. 1079; State v. Crenshaw, 41 Mo. App. 24; State v. Boies, 68 Kan. 167; People v. Jones, 241 Ill. 482. With the law in this condition the Legislature enacted, sec. 4526. "An indictment based on a statute must contain all the forms

of expression and descriptive words which are necessary to bring the defendant precisely within the definition of the statute.'' State v. Miller, 132 Mo. 297; State v. Hesseltine, 130 Mo. 468; State v. Hall, 130 Mo. 170; State v. Helderie, 203 Mo. 574; State v. Pitts, 58 Mo. 556; People v. Flack, 125 N. Y. 324. (3) The information is fatally defective under section 4526. The information negatives the fact of explosives being used in committing the burglary. It expressly avers that after the burglary was complete said ''Marcus Stevens and Thomas Howard did then and there use a certain high explosive for the purpose of breaking into and demolishing a certain iron safe.'' It is not alleged that the demolishing of the safe was ''with intent to commit some crime,'' or ''for the purpose of committing any crime.''

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for respondent; *A. Z. Patterson* of counsel.

(1) The information charges the essential facts constituting the crime of burglary with explosives, as defined by section 4525, Revised Statutes 1909. (2) The evidence amply sustains the verdict. The circumstances and facts in evidence showing defendant's guilt were consistent with each other and were absolutely inconsistent with any reasonable theory of. his innocence. They were sufficient to show defendant's guilt, though they only constituted circumstantial evidence thereof.

BLAIR, C.—This is an appeal from a judgment of the circuit court of Jackson county sentencing defendant to twenty-five years in the penitentiary for the offense of burglary with explosives, as that offense is defined by section 4526, Revised Statutes 1909.

The information charges defendant and one Stevens with burglariously and feloniously breaking and

entering a saloon at 2404 East Eighteenth street in Kansas City, with intent to steal goods therein, and proceeds as follows: "And the said Marcus Stevens and Thomas Howard alias Tom Fallon alias Bradley alias Elliott after having feloniously and burglariously broken and entered into said building in the manner aforesaid and by the means aforesaid did then and there and while in said building use a certain high explosive, to-wit: nitroglycerin, and other high explosives unknown to the prosecuting attorney, for the purpose of and with the felonious intent then and there of breaking into and demolishing a certain iron safe then and there being and in said building situate, the property of the said Powers and Beghtol, in which said iron safe there was then and there valuable things kept and deposited, and by the use of said nitroglycerin and other high explosives unknown to the said prosecuting attorney did break into and demolish said safe; and the said Marcus Stevens and Thomas Howard alias Tom Fallon alias Bradley alias Elliott, four ($4) dollars lawful money of the United States of the value of four dollars the property of the said Powers and Beghtol then and there being in said building did then and there unlawfully, feloniously and burglariously steal, take and carry away, against the peace and dignity of the State."

Defendant was tried separately. The evidence for the State tended to show that defendant and Stevens were rooming together on East Seventeenth street in Kansas City for some days prior to the commission of the offense of which the former was convicted; that about 11 p. m. on the night of January 10th they were seen together in a saloon at 2400 East Eighteenth street, three doors from the saloon subsequently burglarized and again at 2:45 a. m. on January 11, 1911, were seen, not together but about the same time, at the corner of Eighteenth and Olive streets whence defendant proceeded north and Stevens

east on Eighteenth street toward Powers and Begh-tol's saloon. One half hour later an explosion was heard and a witness who was attending what he termed a wake at the premises in the rear of the saloon and who had gone into the intervening alley saw defendant running along the alley from the rear of the saloon. That Powers and Beghtol's saloon had been burglarized and entrance effected by cutting through a rear door and that an iron safe therein had been blown open and entirely demolished by some high explosive is established by the testimony of numerous witnesses. A bottle half full of nitroglycerine was found in the saloon. A small amount of money was taken. On the night of January 13, 1911, defendant and Stevens were arrested in their room at Seventeenth street. A complete kit of burglars' tools was found in the room. Defendant testified in his own behalf. He volunteered the information that he had served terms in several State prisons and had participated in one desperate attempt to escape from that of Colorado. He and Stevens testified that they were not in the vicinity of the burglarized saloon on the night in question and defendant declared he never had been except when transferring from one street car to another at a nearby corner. No exceptions were saved to instructions given.

I. The information clearly and with particularity charges defendant and Stevens with breaking and entering the saloon in the nighttime and the substantial sufficiency of this part of the information is not assailed except it is suggested that it should have concluded "against the peace and dignity of the State." There is nothing in this contention. The burglarious breaking and entering is, under section 4526, but one element of an entire offense which consists of both such entering and the subsequent use, in the burglarized building, of certain explosives for the purpose of

committing a crime. The constitutional formula is not required at the close of each part of an information, even though such part may charge all the elements of some offense for which the State might have proceeded. It is required only at the end of the entire information or at the end of each separate count, which is the same thing.

The insistence most earnestly made is that there is no sufficient allegation that nitroglycerin or other high explosive was, after the building was entered, used "for the purpose of committing a crime."

The information, after charging the unlawful and burglarious entry, alleges that nitroglycerin or some other high explosive (unknown to the prosecuting attorney) was used by defendant "for the purpose and with the felonious intent then and there of breaking into and demolishing a certain iron safe, the property of Powers and Beghtol," and that by such means the safe was actually broken into and demolished.

The destruction of "any building or other property" of another by the use of explosives is declared a felony by section 4599, Revised Statutes 1909 and the part of the information quoted sufficiently charges defendant with employing nitroglycerin, etc., with the intent to destroy the iron safe and with actually so destroying it, and, consequently, sufficiently charges the use of such explosives with intent to commit a crime under the section mentioned. A reasonably precise statement of the elements of the offense which defendant, after his burglarious entry, intended to commit by the use of the explosives is all that is necessary, and the minuteness of allegation which might be demanded in an indictment for the commission of such offense is not required. [State v. Stubblefield, 157 Mo. l. c. 362.] It is true that the safe was doubtless blown open for the purpose of stealing its contents and that the information might have been drawn so as to charge such an intent. It is entirely possible,

however, to commit one crime as a means of commit-
ting another, and in this case the destruction of the
safe was but the means used to gain access to property
which was in the safe. The use of explosives, by one
who has broken and entered a building in the night-
time, to commit *any* crime constitutes an offense un-
der section 4526. It works no prejudice to defend-
ant, if two crimes were intended by the use of the ex-
plosive, that the prosecuting attorney chooses to
charge a purpose to commit but one. The information
is sufficient.

II. The sufficiency of the evidence is challenged.
We are asked to subtract from the whole the testi-
mony of Shoemaker, who saw defendant running from
the saloon building immediately after the explosion,
and then hold that the remainder will not sustain the
verdict. It is said in the briefs that the morning of
January 11 (at 3:15) was cloudy and that the moon
was not as high as Shoemaker said it was and that,
consequently, his testimony must be ignored. This
court cannot take judicial notice of the presence of
clouds in the sky at a given time. As for the phase of
the moon, it appears it was three quarters full and
well above the horizon at the time mentioned. The
discrepancy between the memory of the witness and
the almanac as to that luminary's exact position in
the heavens was, in the circumstances, for the con-
sideration of the jury in determining the credit to be
given the witness's testimony. We are not warranted
in holding otherwise than that the evidence is en-
tirely sufficient to support the verdict returned.

III. The court instructed on the substantive law
of the case, circumstantial evidence, alibi, reasonable
doubt, the presumption of innocence and the credibil-
ity of the witnesses. No additional instructions were
asked and no exceptions were saved to the form or
substance of those given. The instructions given dealt

with the several principles of law essential for the guidance of the jury and are not complained of in this court. No exception having been saved to the instructions given their correctness is not before us for decision. In fact it is not suggested that they are in any way erroneous or defective.

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.